UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL SABO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:04 CV 690 |
| | ) |
| SHARON HAWK, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Michael Sabo, a prisoner confined at the Westville Correctional Facility ("WCF"), filed a complaint in the LaPorte Superior Court, alleging that WCF official Sharon Hawk violated his federally protected rights by preventing him from participating in a telephonic hearing conducted by a state trial court in his divorce proceedings. Mr. Sabo also presented state law claims against defendant arising from the same incident. Defendant removed the case to this court pursuant to 28 U.S.C. § 1441(b), and the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, ultimately allowing plaintiff to proceed on his First and Fourteenth Amendment claims and on his supplemental state law claims. Defendant moves for partial summary judgment, asserting that Mr. Sabo did not exhaust his administrative remedies on his federal law claims as required by 42 U.S.C. § 1997e(a).

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d

> 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
>
>     . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file claims under 42 U.S.C. § 1983 concerning conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.' " *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002)). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *Perez*, 182 F.3d at 534.

In support of her summary judgment motion, defendant submits the declaration of WCF Grievance Specialist Terri McDuffie, who states that the Indiana Department of Correction ("IDOC") had a grievance program in effect when this incident occurred. She declares that she is the custodian of the records of grievances filed at the WCF, that

she searched the facility's grievance records, and that she found no grievances filed by Mr. Sabo on the question of whether Sharon Hawk denied him access to the courts by refusing to allow him to participate in a court ordered telephonic hearing.

Mr. Sabo's response to the partial summary judgment motion does not assert that he filed a grievance. Rather, he asserts that by the time he discovered that he had missed the hearing he could no longer grieve the issue. In his declaration, Mr. Sabo states that Ms. Hawk denied him access to the telephonic hearing on June 18, 2003, but that he did not discover that the hearing had occurred without his participation "until July 23, 2003, a full 35 days after the incident. At that time the grievance procedure was not *available* to me as I *only* had 2 days from June 18 in which to file it." (Sabo Decl., at 2) (emphasis in original).

The defendant replies with another declaration from Terri McDuffie and a complete copy of the IDOC grievance procedure, Administrative Procedure Number 00-02-301. Section XVIII(a) of Administrative Procedure Number 00-02-301 provides that a "complaint . . . shall be filed within forty-eight (48) hours following the occurrence of the condition or when the offender becomes aware of the grievable condition." Based on this portion of the policy, if Mr. Sabo learned on July 23, 2003, that he missed the telephonic hearing then he had until July 25, 2003, within which to file a grievance.

Because defendant met her initial obligation under FED.R.CIV.P. 56, the burden fell upon Mr. Sabo to come forth with evidence sufficient, (if viewed as fully in his favor as reasonable), to allow a factfinder to decide in his favor on the question of whether he still had an available administrative remedy on July 23, 2003. *Celotex Corp.*, 477 U.S. at

3

324. Mr. Sabo's evidence does not meet this requirement because the clear language of Section XVIII(a) of the IDOC grievance policy establishes that he could have filed a grievance within two working days of the date he discovered that he had missed the telephonic hearing.

    Mr. Sabo nonetheless suggests that the grievance remedy was "unavailable" because he "was denied a Constitutional Right which is not to be put on a grievance form." (Sabo Decl., at 2). Section 1983 claims, by definition, deal with violation of the federal constitution, treaties, or laws, but this does not mean a prisoner may not file a grievance dealing with facts that, if true, would constitute a Constitutional violation. Mr. Sabo further suggests that he did not have an available remedy because "there was no possible remedy in which to state on the form under 'suggested remedy.' " (Sabo Decl., at 2). However, a prisoner must exhaust his administrative remedies as long as a grievance tribunal has authority to take some action in response to a grievance, *Massey v. Helman*, 259 F.3d 641, 645-646 (7th Cir. 2001), even an action such as reprimanding Ms. Hawk.

    Finally, Mr. Sabo suggests that the only available remedy to him by the time he learned he had missed the June 18 hearing was to contact Ms. Hawk, and that he "exhausted his only 'available remedy' in his contacts, concerns, complaints, and pleas to the Defendant Sharon Hawk. " (Plaintiff's Mem., at 8). But, even if Mr. Sabo did complain to Ms. Hawk verbally or in writing, it would not constitute substantial compliance with § 1997e(a). In *Hock v. Thipedeau*, 238 F. Supp. 446, 448 (D. Conn. 2002), the court initially found that a prisoner who wrote several letters to prison officials complaining of a guard's conduct, which resulted in a departmental investigation of the

4

incident and the resignation of the guard, had "satisfied the exhaustion of administrative remedy requirement of Section 1997e(a)." However, on reconsideration, the court concluded that *Booth v. Churner* and *Porter v. Nussle* required prisoners to exhaust Connecticut's administrative inmate grievance procedure. *Hock v. Thipedeau*, 245 F. Supp. 2d 451, 456-7 (D. Conn. 2003). The court held that:

> when an inmate makes no attempt to initiate and follow to the end prescribed grievance procedures, any responsive action taken by the DOC to resolve a problem brought to its attention, regardless of its source . . . could not be the basis for determining that the exhaustion requirement has been satisfied.

*Id*. at 457. Neither the Supreme Court nor the Seventh Circuit has found that actions other than filing a formal grievance can constitute the functional equivalent of filing a grievance. Accordingly, this court concludes that Mr. Sabo's complaints to Ms. Hawk do not constitute the functional equivalent of filing a grievance and do not excuse him from following the IDOC's administrative grievance by filing a formal administrative grievance.

Plaintiff's amended complaint presents a federal law claim and a supplemental state law claim. The partial summary judgment motion addressed only the federal law claim. In any civil action in which the court has original jurisdiction, 28 U.S.C. § 1367 provides that the court shall have "supplemental jurisdiction over all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The court may, and generally should, relinquish supplementary jurisdiction over state law claims, however, when all federal claims are dismissed before trial. *See* 28 U.S.C. § 1367(c)(3). That course is appropriate here. Because it is dismissing all of the federal

5

claims, this court declines to retain supplemental jurisdiction over the state law claims and will remand the case to the state court.

For the foregoing reasons, the court **GRANTS** defendant's motion for partial summary judgment (docket #19), **DISMISSES** the federal law claim presented in plaintiff's amended complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1997e(a), declines to retain jurisdiction over the state law claim contained in the amended complaint, and therefore **REMANDS** the case to LaPorte Superior Court.

**SO ORDERED.**

**Enter**: May 17, 2005

                                                    s/James T. Moody  
                                             JUDGE JAMES T. MOODY  
                                             UNITED STATES DISTRICT COURT